```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

THOMAS PEPE,

    Plaintiff,

v.                                Case No: 2:25-cv-536-JES-NPM

CHRISTOPHER DECOSTA, attorney, LUKE LAJQI, RALPH CONFREDA, attorney, DOUGLAS R. GOLDIN, attorney, and SENIOR JUDGE CHRISTINE GREIDER,

    Defendant.

_____

## OPINION AND ORDER

This matter comes before the Corut on review of the *pro se* Verified Complaint Summary (Doc. #1) filed on June 30, 2025. Also before the Court is a Motion to Refer for Criminal Investigation (Doc. #3) filed on the same day. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (collecting cases). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

In the one-page[1] Complaint, plaintiff alleges "coordinated misconduct among defendants resulting in loss of property, denial of civil rights, abuse of judicial authority, and fraud on the court. Relief is sought under 42 USC §1983, §1985, RICO 18 USC §1962, and a motion for criminal referral is requested." (Doc. #1, p. 1.)  Plaintiff seeks $75 million in compensatory damages, $250 million in punitive damages, a criminal referral, a jury trial, and any further relief "deemed proper by the Court."  While plaintiff has listed several federal statutes in support of federal jurisdiction[2], there are <u>zero</u> factual allegations in support of any of them to determine the validity of the list.  For example, the Court cannot determine whether one or more defendants took action taken under color of law, see, e.g., 28 U.S.C. § 1983 ("Every person who, under color of any statute" causes a citizen to be deprived "of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured").  There are also no counts and no information specific to each of the defendants as to their individual roles.

---

[1] The second and fourth pages contain a typed signature and date, and the third page is a cover letter to the Clerk listing the documents for filing.

[2] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint include a "short and plain statement of the claim" with "simple, concise, and direct" allegations. Fed. R. Civ. P. 8(a)(2), (d)(1). Rule 10 of the Federal Rules further provides that claims must be in numbered paragraphs and "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count[.]" Fed. R. Civ. P. 10(b). *Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers. Nevertheless, *pro se* litigants are not exempt from complying with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s pleading standard. GJR Investments, Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) ("Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as de facto counsel for a party, [] or to rewrite an otherwise deficient pleading in order to sustain an action[.]" (internal citations omitted)), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 706 (11th Cir. 2010); see also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) (stating that *pro se* litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure"). The Court cannot find that plaintiff has stated a claim without clear facts in support but will allow plaintiff to amend to do so.

In amending to state a claim, plaintiff should endeavor to comply with the Federal Rules of Civil Procedure. Under Rule 8(a),

> A pleading that states a claim for relief must contain:
>
> **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). Under Rule 10(b),

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b). Plaintiff should specify the Court's basis for subject matter jurisdiction, and the legal basis for his claim or claims with supporting facts. Plaintiff should include references to the federal laws and/or sections of the United States Constitution that have been violated for each defendant. For additional resources and assistance, plaintiff may wish to review the form complaints available on the Court's website, for example

4

https://www.uscourts.gov/forms/pro-se-forms/complaint-violation-civil-rights-non-prisoner.³

The separate motion does not provide further insight other than the "scheme" involves "filing of knowingly fraudulent pleadings", "real estate contract forgery", identity theft by attorney Douglas R. Goldin, "abuse of process to cause wrongful foreclosure", "tampering with witness narratives", and "suppression of key probate-released documents". (Doc. #3.) Plaintiff seeks to have the Court "coordinate with the US Attorney's Office" to determine whether criminal charges are warranted. The statute cited, 18 U.S.C. § 1964(c), allows a person or business to sue and recover civil damages under RICO and is not a vehicle for referring cases for criminal charges. "The decision as to which crimes and criminals to prosecute is entrusted by the Constitution not to the judiciary, but to the executive who is charged with seeing that laws are enforced. [] The judiciary cannot interfere with a prosecutor's exercise of charging discretion, except in narrow circumstances where it is necessary to do so in order to discharge the judicial function of interpreting and applying the Constitution." United States v. Smith, 231 F.3d 800,

---

³ The website has tips, answers to frequently-asked questions, and sample forms. There is also a link that may help plaintiff generate the amended complaint.

5

807 (11th Cir. 2000) (citation omitted). The motion will be denied without prejudice to plaintiff directing his request to the appropriate party, whether a state or federal prosecutor.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Verified Complaint Summary (Doc. #1) is dismissed without prejudice to filing an Amended Complaint **on or before July 28, 2025.**

2. The Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (Doc. #5) remains **under advisement** pending review of an Amended Complaint.

3. Plaintiff's Motion to Refer for Criminal Investigation (Doc. #3) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this   15th   day of July 2025.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Hon. Nicholas P. Mizell

Plaintiff
Counsel of record

6