**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

THOMAS PEPE,
    Plaintiff,

v.                                                     2:25-cv-536-JES-NPM

CHRISTOPHER DECOSTA, *et al.*,
    Defendants.

---

### ORDER

Generally, we are both required and authorized by law to collect a $405 filing fee before a civil action may proceed. *See* 28 U.S.C. § 1914; *District Court Miscellaneous Fee Schedule* prescribed by the JUDICIAL CONFERENCE OF THE UNITED STATES (effective Dec. 1, 2023). We may waive this fee when an indigent plaintiff, other than a prisoner, adequately states a nonfrivolous claim for relief. *See* 28 U.S.C. § 1915(a) and (e)(2)(B). Non-prisoner plaintiff Thomas Pepe requests such a waiver.

For now, we can dispense with the question of whether Pepe financially qualifies. He declares under penalty of perjury that he has no income, he has no assets other than a 2012 Mitsubishi Eclipse, and he relies "on loans from others to survive." (Doc. 5-1 at 1). If we later discover that Pepe's allegation of poverty is untrue, we will be required—even if he pays the filing fee— to dismiss his case. *See* 28 U.S.C. § 1915(e)(2)(A).

Pepe's request for a filing-fee waiver lacks merit, however, because he doesn't adequately state a nonfrivolous claim for relief. He is proceeding without counsel, so we give his complaint a liberal construction. But he is not entitled to any exemption from the basic rules of pleading. His complaint must still comply with Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure, which are primarily meant to provide fair notice to each defendant of the specific claims—and grounds therefore—on which any remedy may rest.

As such, a complaint may not run afoul of the prohibition against shotgun pleading.[1] It must present "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, "a complaint must contain sufficient factual matter" to state a facially plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While an exhaustive exposition of alleged facts is not required, there

---

[1] The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings. The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type … is a complaint … replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015).

must be "enough heft" to show that if the alleged facts are true, the pleader is entitled to relief. *Twombly*, 550 U.S. at 557.

Falling short of this standard, Pepe's threadbare and conclusory complaint does not cogently present enough facts to move the liability needle from possible to plausible. Apparently disappointed by the outcome of a probate proceeding, he generally alleges that a wide array of characters—relatives, attorneys, realtors, estate executors, law enforcement officers, and even a neighbor—conspired to rob him of his inheritance by engaging in identity theft, forgery, and obstruction of justice. And without any particularity, he suggests that their conduct was fraudulent, constituted RICO and civil rights violations, and warrants an award of hundreds of millions of dollars, as well as other non-monetary relief.[2]

As neutral arbiters, we have no license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading to sustain an action. *Stephens v. DeGiovanni*, 852 F.3d 1298, 1319 n.16 (11th Cir. 2017). And by the same token, we will not act as adverse counsel and catalogue every flaw in the complaint. *See Bush v. United States*, No. 1:13-CV-406, 2014 WL 661686, *3 (S.D. Ohio Feb. 19, 2014), *R&R adopted*, 2014 WL 1308512 (Mar. 31, 2014), *aff'd* No. 14-3307 (6th Cir. Dec. 11, 2014) (courts are not required to devote time to a case when the nature of a pro

---

[2]     Though Pepe improperly filed a second amended complaint without leave, we nevertheless review this third and most recent iteration of his complaint.

se plaintiff's claim "defies comprehension."). Suffice it to say that the complaint does not comply with Rules 8(a), 9(b), 10(b), and 11(a); does not comport with the *Iqbal-Twombly* pleading standard; and it is an impermissible shotgun pleading of all four types. Thus, it fails to state a claim and is frivolous.

Accordingly, Pepe's application for a fee waiver (Doc. 5) is **DENIED**. If he wishes to proceed with this action, he must pay the filing fee by **February 13**, **2026**. Pepe should take note, however, that even if he pays the filing fee, we may—on our own initiative—dismiss the complaint as frivolous without notice or an opportunity to be heard. *See Vega v. Kahle*, No. 23-12065, 2025 WL 3540349, *5 (11th Cir. Dec. 10, 2025). And, if appropriate, we could order him to show cause why he should not be sanctioned under Rule 11(c)(3).

A failure to fully comply with this order or timely seek relief from it may result in the dismissal of this action without prejudice and without further notice.

**ORDERED** on January 30, 2026

_____
NICHOLAS P. MIZELL
United States Magistrate Judge

- 4 -